UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GETTY IMAGES (US), INC., a New York corporation, | ) ) ) | CASE NO. |
| | ) | JUDGE: |
| Plaintiff, | ) ) | **COMPLAINT FOR DAMAGES** |
| vs. | ) ) | **AND INJUNCTIVE RELIEF** |
| WALTER A. KOWALCZUK, a/k/a ALLAN KOWALCZUK; and JOHN DOES 1 TO 25, | ) ) ) ) | **FILED UNDER SEAL** |
| Defendants. | ) ) | |

**1 16 CV 1400**

Plaintiff Getty Images (US), Inc. ("Getty Images"), by and through its undersigned attorneys, alleges as follows:

## INTRODUCTION

1.      By this action, Getty Images seeks to recover damages arising from and enjoin infringements of copyrights by defendant Walter A. Kowalczuk, also known as Allan Kowalczuk ("Kowalczuk"), and third-parties who are participants and co-conspirators in Kowalczuk's unlawful scheme, including defendants John Does 1 to 25 (defendants Kowalczuk and John Does 1 to 25, collectively, "Defendants"). Kowalczuk is actively engaged in the illegal and unlawful business of (a) copying and reproducing photographic imagery owned by or exclusively licensed to Getty Images, and (b) distributing and selling that imagery to third-parties, including John Does 1 to 25, without authorization by or payment to Getty Images or the photographers it represents. This conduct violates United States copyright law, 17 U.S.C. § 501, and other laws.

2.      Getty Images seeks the entry of temporary, preliminary and permanent injunctive relief prohibiting Defendants' further infringements of copyrights and other unlawful acts and

practices alleged herein; the imposition of a constructive trust upon all profits earned by Defendants that are attributable to their infringements, and assets purchased with those profits; the impoundment of all imagery owned by or exclusively licensed to Getty Images in Defendants' possession, custody or control; and the award of actual or statutory damages, and heightened damages for willful copyright infringement, arising from Defendants' past and continuing infringements of copyrights, and other relief authorized by law.

## PARTIES

3.  Plaintiff Getty Images (US), Inc. is a New York corporation with its principal place of business in New York, New York.

4.  Upon information and belief, defendant Walter A. Kowalczuk, also known as Allan Kowalczuk, is a resident of Fairview Park, Ohio.

5.  Defendants John Does 1 to 25 are individuals and entities residing in or organized under the laws of the United States whose true identities are currently unknown to Getty Images. Upon information and belief, John Does 1 to 25 purchased and/or received from Kowalczuk photographic imagery owned by or exclusively licensed to Getty Images; reproduced, distributed, displayed and used that imagery without authorization by or payment to Getty Images or the photographers it represents; and assisted, aided and abetted Kowalczuk in the illegal acts and practices alleged herein.

## JURISDICTION AND VENUE

6.  This Court has original and exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action raises federal questions arising under the laws of the United States (copyright infringement) and pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq.*

7. Defendant Kowalczuk is subject to personal jurisdiction in this Court because he is a resident of Ohio and/or purposefully aimed his activities at Ohio from which the claims asserted in this Complaint arise. By way of example, Kowalczuk has reproduced, distributed, displayed and otherwise infringed photographic imagery owned by or exclusively licensed to Getty Images from Ohio, has purposefully directed illegal solicitations to residents of Ohio, and otherwise has engaged in business in Ohio.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a), as Kowalczuk resides or may be found in Cuyahoga County, Ohio. Upon information and belief, venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in the District.

## FACTUAL BACKGROUND

9. Getty Images is one of the world's leading digital content providers, including photographic imagery, to customers for use in websites, books, newspapers, magazines, posters, advertisements and television and film productions. Getty Images generates revenue and related royalties for its photographers from licensing the rights to use its content, including photographic imagery, and from providing related services.

10. Getty Images was the first company to license photographic imagery via the Internet and today delivers its content digitally, including by download from Getty Images' website, www.gettyimages.com. Visitors to that website can search and view millions of images that have been cataloged, organized and stored in an online digital catalog ("Getty Images' Catalog"). The content that makes up Getty Images' Catalog is stored and maintained on a system of protected computers operated and controlled by Getty Images. Each image in Getty

3

Images' Catalog is assigned a unique number ("Catalog Number") that is used to identify the image in the search and download processes.

11.    Getty Images owns some of the content that it licenses. Getty Images also acts as the distributor for more than 200,000 content suppliers – contributors, such as individual photographers, illustrators, filmmakers, media organizations, other stock photo agencies, and independent musicians. Content suppliers typically prefer to retain ownership of their work and, as a result, copyright to content remains with the artists in most cases, while Getty Images obtains by contract the right to market, distribute, and license that content to third-parties. Those contracts also grant Getty Images the sole right to bring legal claims for unauthorized uses of that content, including claims for copyright infringement.

12.    Photographic imagery represented by Getty Images includes a wide range of subject matters, including, by way of example, photographs of sports teams, professional athletes and major sporting events. Getty Images has today and historically entered into license agreements with professional sports leagues, including the National Basketball Association, Major League Baseball, National Hockey League and National Football League, for the right to photograph major sporting events, and to distribute and license photographs from those events and related league-sponsored events, such as pre-game, halftime and post-game shows.

13.    Certain business customers that regularly use large volumes of photographic images, such as newspapers, magazine and book publishers, television news broadcasters, online news and media operators, and advertising agencies, as well as government agencies and corporations, have customized access to Getty Images' Catalog. Getty Images offers several licensing models to these customers, including access to all images in Getty Images' Catalog and ability to download multiple images at a time. These license models are designed to allow large-

volume customers maximum flexibility in reviewing and selecting the best images for publication.

14.     By way of example (and not limited to), Getty Images offers multiple programs to large-volume customers, including (a) Premium Access, which is a subscription program that allows a customer to download and use content up to a cap set forth in the customer's license agreement with Getty Images; and (b) Easy Access, which allows a customer to download and use images for internal use only, and requires the customer to report any intended use, thus permitting the customer to limit license fees to those images actually selected for publication.

15.     Access to Getty Images' Catalog under these programs and use of imagery downloaded from that Catalog are subject to and governed by the highly negotiated terms in the customer's license agreement with Getty Images.

16.     To gain authorized access to Getty Images' Catalog under these programs, and to download digital content from that Catalog, the customer must first establish a user account consistent with the terms of the customer's license agreement with Getty Images.  The customer must then present a valid user name and a valid password that are linked to the user account. Presentation of valid login credentials is just one of the technological measures used by Getty Images to restrict access to its system of protected computers to authorized customers, and to protect the digital content, including photographic imagery, that makes up Getty Images' Catalog.

17.     License agreements between Getty Images and its customers stipulate that those customers must maintain the security of all passwords and identifications issued in connection with each user account, notify Getty Images immediately of any unauthorized use of any user

account or other breach of security, and other terms that are intended to prevent misappropriation and misuse of login credentials.

18.     Digital content downloaded from Getty Images' Catalog is transmitted in the form of digital files.  Theoretically, that digital file can be used to generate an unlimited number of high-resolution prints.  However, a large-volume customer accessing Getty Images' Catalog in the manner described above, and using that access to download digital files, is contractually limited in the ways it can use those digital files.  Those contractual limitations include limits on the number of reproductions the customer can make and the intended use of the digital files or reproductions therefrom, as well as the compensation the customer must pay for those reproductions, consistent with the customer's license agreement with Getty Images.

## UNLAWFUL CONDUCT BY DEFENDANT KOWALCZUK

19.     Beginning at a time unknown and continuing to the present, defendant Kowalczuk has actively engaged in the illegal and unlawful business of (a) copying and reproducing copyrighted imagery owned by or exclusively licensed to Getty Images, and (b) distributing and selling that imagery to third-parties, including defendants John Does 1 to 25, without authorization by or payment to Getty Images and the photographers it represents, and in violation of United States copyright law and other laws.

20.     In or about early March 2016, Getty Images received a report from a licensing partner about suspected copyright infringements that were taking place on a private ("closed") group hosted by Facebook ("Facebook Group").  That report included sample posts by an individual using the name "Allan Kowalczuk," who was later identified as defendant Walter A. Kowalczuk.  The Facebook Group is used by certain individuals as a forum for buying, selling, trading and/or bartering photographic imagery that, upon information and belief, is not owned by

or licensed to those individuals. Much of the imagery displayed in the Facebook Group consists of photographs of professional athletes, sports teams and major sporting events.

21. Participation in the Facebook Group is restricted to individuals who have been invited or approved by the group's administrators. Only registered members are permitted to post messages on the group's site within Facebook, and only registered members can view posts by other members.

22. Evidencing an awareness of the illegal nature of their transactions, members in the Facebook Group rely on naming conventions and euphemisms to identify the source of the photographs that are bought, sold, traded or bartered on the group's site. By way of example, photographs from Getty Images are frequently identified by the term "Spaghetti"; photographs from Associated Press (another lawful source of imagery) are identified by the term "Apples."

23. In most cases, potential buyers are instructed to contact sellers by email or private message (commonly referred to as "PMs"). Upon information and belief, sellers such as Kowalczuk and buyers such as John Does 1 to 25 communicated by email and private message to conceal the details of their unlawful transactions and to avoid detection by law enforcement or the owners of the imagery that is being bought, sold, traded or bartered.

24. Defendant Kowalczuk made frequent posts in the Facebook Group and, upon information and belief, other online groups and forums, including those hosted or sponsored by Facebook. In those posts, Kowalczuk offered to sell high-resolution photographic images owned by or exclusively licensed to Getty Images. By way of example, on November 22, 2015, Kowalczuk posted an advertisement for "Spaghetti" that displayed a composite of Chicago Blackhawks hockey player Duncan Keith:



25.      Upon information and belief, the center image in the composite is a reproduction of a photograph of hockey player Duncan Keith, after scoring in Game 6 of the 2015 NHL Stanley Cup Final (Chicago Blackhawks v. Tampa Bay Lightning, June 15, 2015), that is available for licensing through Getty Images.  Copied below is a copy of that image, Getty Images Catalog No. 477282968, as it appears in Getty Images' Catalog:



http://www.gettyimages.com/photos/477282968?family=editorial&phrase=477282968&sort=bes
t&excludenudity=true (May 18, 2016).[1]

26.     By way of further example, on December 27, 2015, Kowalczuk posted an advertisement for "Spaghetti" and offered "the lowest price around":



27.     By way of further example, on February 5, 2016, Kowalczuk posted an advertisement for "Spaghetti" and offered "Bulk Deal[s]" for customers purchasing *at least 400 images*:



28.     These posts are representative of dozens of posts made by Kowalczuk in the Facebook Group between late 2015 and spring 2016.  In these posts, and by other actions,

---

[1] Upon information and belief, the right image in the Duncan Keith composite was reproduced from Getty Images Catalog No. 476402036.  With respect to the other composites on Kowalczuk's November 22, 2015 post, upon information and belief, the images that make up the composite of Chicago Bears football player Matt Forte were reproduced from Getty Images Catalog Nos. 451427791 (center image), 177882646 (left image) and 456281054 (right image), and the center image in the composite of Chicago Cubs baseball player Kris Bryant was reproduced from Getty Images Catalog No. 480878703.

Kowalczuk demonstrated a willingness to distribute and sell high-resolution photographic imagery owned by or exclusively licensed to Getty Images.

## INVESTIGATION OF DEFENDANT KOWALCZUK

29.     Purchases from defendant Kowalczuk and subsequent research conclusively established that Kowalczuk is engaged in the illegal and unlawful business of (a) copying and reproducing high-resolution photographic imagery owned by or exclusively licensed to Getty Images, and (b) distributing and selling that imagery to third-parties, including John Does 1 to 25, without authorization by or payment to Getty Images or the photographers it represents.

**A.     Photo File Purchase from Kowalczuk**

30.     On or about March 11, 2016, a cooperating witness at Photo File, Inc. ("Photo File") initiated a purchase of sports photographs from defendant Kowalczuk. Photo File creates, distributes and sells officially licensed sports photographic imagery, including imagery the company obtains by license from Getty Images. Photographic images sold by Photo File, and available by licensed from Getty Images, include the image of Chicago Blackhawk player Duncan Keith (Getty Images Catalog No. 477282968) described in Paragraph 25, *supra*.

31.     The cooperating witness contacted defendant Kowalczuk by private message in response to a post in the Facebook Group. Kowalczuk responded in an email that included per-image pricing and identified the source of the images as "Getty." Kowalczuk gave specific instructions for ordering the images, directing that each image be identified by the Catalog Number assigned by Getty Images.

32.     The cooperating witness complied with the instructions from Kowalczuk and purchased six images from him, including four images taken during a National Hockey League game between the Washington Capitals and the Pittsburgh Penguins, February 7, 2013. Each

image was identified by the Catalog Number assigned by Getty Images:   161482214, 161482243, 161482248 and 161482290.  Subsequently, Kowalczuk sent the cooperating witness an email with a link to a file transfer website to which digital files had been uploaded.  Four of the digital files consisted of the Capitals v. Penguins game from Getty Images' Catalog; each digital file was uploaded in a high-resolution format and constituted an exact replica of the photographic image as it appeared in Getty Images' Catalog.

33.     The copyrights in the four NHL images received from Kowalczuk were registered by Getty Images with the United States Copyright Office.  Attached as Exhibit A is a true and correct copy of the Certificate of Registration for a Group Registration, entitled "Washington Capitals v Pittsburgh Penguins," and bearing the Registration Number VA 1-987-305 (February 1, 2016).

**B.     Getty Images (First) Purchase from Kowalczuk**

34.     On or about March 29, 2016, a member of Getty Images' Information Security Group initiated a purchase from defendant Kowalczuk of photographs from the Super Bowl 50 Game and the Super Bowl 50 Halftime Show (collectively, "Super Bowl 50").  The process was similar to the purchase by Photo File described above.

35.     The Getty Images employee complied with the instructions from Kowalczuk and purchased 12 Super Bowl 50 images, consisting of 11 photographs taken during the Super Bowl 50 Game (February 7, 2016) and a single photograph from the Super Bowl 50 Halftime Show. Each image was identified by the Catalog Number assigned by Getty Images:   508985604, 508986008,  508989708,  508989944,  508990462,  508990588,  508991620,  512372484, 512372532, 512373186, 512373202 and 512375704.  Subsequently, Kowalczuk sent the Getty Images employee an email with a link to a file transfer website to which digital files had been

uploaded.  The digital files consisted of 12 Super Bowl 50 photographs from Getty Images' Catalog, corresponding with the Catalog Numbers noted above.

36.     The copyrights in the 11 Super Bowl 50 Game photographs received from Kowalczuk were registered by Getty Images with the United States Copyright Office.  Attached as Exhibit B is a true and correct copy of the Certificate of Registration for a Group Registration, entitled "Super Bowl 50 – Carolina Panthers v Denver Broncos," Published February 7, 2016 through March 7, 2016, and bearing the Registration Number VA 2-001-831 (May 4, 2016).[2]

37.     The copyright in the single Super Bowl 50 Halftime Show photograph received from Kowalczuk was registered with the United States Copyright Office, along with other images from that event.  Attached as Exhibit C is a true and correct copy of the Certificate of Registration for a Group Registration, titled "Super Bowl 50 Halftime Show," Published February 7, 2016 through February 25, 2016, and bearing the Registration Number VA 2-001-556 (May 3, 2016).[3]

## C.    Getty Images (Second) Purchase from Kowalczuk

38.     On or about April 1, 2016, a member of Getty Images' Information Security Group initiated a second purchase from defendant Kowalczuk of photographs from the Super Bowl 50 Game and the Super Bowl 50 Halftime Show.  The process was similar to the purchases described above.

39.     The Getty Images employee sent Kowalczuk a list of eight Super Bowl 50 images he wanted to purchase.  Each image was identified by the Catalog Number assigned by Getty

---

[2] Certificate of Registration No. VA 2-001-831 was issued on May 4, 2016.  The first date of publication of the Super Bowl 50 Game images occurred on February 7, 2016.  Getty Images may elect to seek statutory damages and attorney's fees for infringements of those images because the images were registered less than three months following the first date of publication.  *See* 17 U.S.C. § 412(2).

[3] Certificate of Registration No. VA 2-001-556 was issued on May 3, 2016.  The first date of publication of the Super Bowl 50 Halftime Show images occurred on February 7, 2016.  Pursuant to 17 U.S.C. § 412(2), Getty Images may elect to seek statutory damages and attorney's fees for infringements of those images.  *See* fn.2, *supra*.

Images:  508981974, 508986176, 508986412, 508986988, 508987246, 508987278, 512369864 and 512373756.  Subsequently, Kowalczuk sent the Getty Images employee an email with a link to a file transfer website to which digital files had been uploaded.  The digital files consisted of the eight Super Bowl 50 photographs from Getty Images' Catalog, corresponding with the Catalog Numbers noted above.

40.    The copyrights in the eight Super Bowl 50 Game and the Super Bowl 50 Halftime Show photographs received from Kowalczuk were registered with the United States Copyright Office, Certificates of Registration, Nos. VA 2-001-831 and VA 2-001-556, as described in Paragraphs 36 and 37, *supra*.  *See* Exhibits B and C.

**D.    Getty Images (Third) Purchase from Kowalczuk**

41.    On or about April 29, 2016, a member of Getty Images' Information Security Group initiated a third purchase from defendant Kowalczuk.  The process was similar to the purchases described above.

42.    The Getty Images employee sent Kowalczuk a list of ten images from the NCAA Men's National Championship (April 4, 2016) and a single image from the Super Bowl 50 Game.  Each image was identified by the Catalog Number assigned by Getty Images: 508985604,  519177310,  519177326,  519178314,  519179602,  519180574,  519180582, 519180590, 519180598, 519180600 and 519180620.  Subsequently, Kowalczuk sent the Getty Images employee an email with a link to a file transfer website to which digital files had been uploaded.  The digital files consisted of the 10 photographs of the NCAA Men's National Championship and one photograph of the Super Bowl 50 Game from Getty Images' Catalog, corresponding with the Catalog Numbers noted above.

43.    The copyrights in the ten NCAA Men's National Championship photographs received from Kowalczuk were registered by Getty Images with the United States Copyright Office.  Attached as Exhibit D is a true and correct copy of the Certificate of Registration for a Group Registration, entitled "NCAA Men's National Championship – Villanova v North Carolina," Published April 4, 2016 through April 7, 2016, and bearing the Registration Number VA 2-002-752 (May 6, 2016).[4]

44.    The copyright in the single Super Bowl 50 Game photograph received from Kowalczuk was registered with the United States Copyright Office, Certificate of Registration, No. VA 2-001-831, as described in Paragraph 36, *supra*.  *See* Exhibit C.

## COPYRIGHT INFRINGEMENTS AND OTHER VIOLATIONS

45.    Upon analysis by Getty Images, the photographic images received from defendant Kowalczuk as a result of the purchase by Photo File (March 11, 2016) and the first and second purchases by Getty Images (March 29, 2016 and April 1, 2016) were downloaded by Kowalczuk using valid login credentials belonging to a large-volume customer ("Customer A").  Kowalczuk used the login credentials of Customer A to gain access to the system of protected computers that support Getty Images' Catalog, and to download the photographic images from that Catalog.

46.    Customer A confirmed that Kowalczuk was neither an employee of Customer A nor authorized to use its login credentials.  Those credentials have been disabled.

47.    Upon analysis by Getty Images, the photographic images received from defendant Kowalczuk as a result of the third purchase by Getty Images (April 29, 2016) were downloaded by Kowalczuk using valid login credentials belonging to a large-volume customer ("Customer

---

[4] Certificate of Registration No. VA 2-002-752 was issued on May 6, 2016.  The first date of publication of the NCAA Men's National Championship images occurred on April 4, 2016.  Pursuant to 17 U.S.C. § 412(2), Getty Images may elect to seek statutory damages and attorney's fees for infringements of those images.  *See* fn.2, *supra*.

B"). Kowalczuk used the login credentials of Customer B to gain access to the system of protected computers that support Getty Images' Catalog, and to download the photographic images from that Catalog.

48.     Customer B confirmed that Kowalczuk was neither an employee of Customer B nor authorized to use its login credentials. Those credentials have been disabled.

49.     A further investigation by Getty Images confirmed the massive scale of copyright infringement by Kowalczuk. By way of example, between March 13, 2016 and April 30, 2016, Kowalczuk downloaded as many as 3,400 unique images owned by or exclusively licensed to Getty Images. The vast majority of the images downloaded by Kowalczuk consisted of sports imagery, including game-day images from the National Basketball Association, Major League Baseball, National Hockey League and National Football League, including Super Bowl 50.

50.     Upon information and belief, many of the images downloaded by Kowalczuk from Getty Images' Catalog were sold and distributed to individuals and businesses engaged in the sale of sports memorabilia, including high-resolution prints, posters, canvases, collages and other items – all products that require a license from Getty Images and payment to Getty Images of license fees determined by the nature of the use. The sale and distribution of these images was without authorization by or payment to Getty Images and the photographers it represents.

51.     Getty Images now brings this action to enjoin defendant Kowalczuk from further infringements of copyrights in imagery owned by or exclusively licensed to Getty Images, and to recover damages for past infringements by Kowalczuk. Getty Images seeks similar relief from defendants John Does 1 to 25, who purchased and/or received from Kowalczuk photographic imagery owned by or exclusively licensed to Getty Images, and assisted, aided and abetted Kowalczuk in the illegal acts and practices alleged herein.

## CLAIM I

### (Copyright Infringement, 17 U.S.C. § 501, *et seq.*)

### (All Defendants)

52.　　Getty Images repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 51, inclusive.

53.　　Getty Images is the owner or exclusive licensee of each of the photographic images identified in Exhibits A through D.  With respect to those images not owned by Getty Images, Getty Images has been granted the exclusive right to market and sublicense the right to copy, reproduce, display, modify, alter and create derivative works of each image.  Additionally, Getty Images has been granted the exclusive right to make and control claims related to infringements of copyrights in those images.

54.　　The copyrights in each of the photographic images identified in Exhibits A through D have been registered by Getty Images with the United States Copyright Office.  Certificates evidencing those registrations have been issued by the United States Copyright Office for each of the images.  True and correct copies of Certificates of Registration Nos. VA 1-987-305, VA 2-001-831, VA 2-001-556 and VA 2-002-752 are attached as Exhibits A through D.

55.　　By reproducing, distributing, displaying and making other infringing uses of images owned by or exclusively licensed to Getty Images, including the images identified in Exhibits A through D, defendant Kowalczuk has infringed the copyrights in those images, in violation of 17 U.S.C. § 501.  Kowalczuk engaged in these acts and practices without authorization by or payment to Getty Images and the photographers it represents.

16

56.     By purchasing and/or receiving from defendant Kowalczuk images owned by or exclusively licensed to Getty Images, including the images identified in Exhibits A through D, and, upon information and belief, by reproducing, distributing, displaying and making other infringing uses of those images, defendants John Does 1 to 25 have infringed the copyrights in those images, in violation of 17 U.S.C. § 501.  Defendants John Does 1 to 25 engaged in these acts and practices without authorization by or payment to Getty Images and the photographers it represents.

57.     Defendants have willfully infringed copyrights, as evidenced, *inter alia*, by such acts and practices as Defendants' use of naming conventions and euphemisms to identify photographs from Getty Images' Catalog and Defendants' use of Catalog Numbers assigned by Getty Images to identify the images they wished to purchase from Kowalczuk.

58.     At a minimum, Defendants have acted with willful blindness to, or in reckless disregard of, the copyrights in photographic images owned by or exclusively licensed to Getty Images, including the images identified in Exhibits A through D.

59.     As a result of Defendants' wrongful conduct, Getty Images is entitled to recover its actual damages and an award of any profits attributable to Defendants' infringements of copyrights, pursuant to 17 U.S.C. § 504(b).   In the alternative, Getty Images is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c), for Defendants' infringements of copyrights.

60.     Any award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2) due to Defendants' willful infringements of copyrights.

61.     Getty Images is entitled to injunctive relief and an order impounding all infringing materials.  Getty Images has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) the copyrights in the photographic images owned by or

exclusively licensed to Getty Images are unique and valuable properties; (2) Defendants' infringements interfere with Getty Images' goodwill and customer relations, and harm Getty Images such that Getty Images could not be made whole by any monetary award; and (3) Defendants' wrongful conduct, including Defendants' infringements of copyrights, and the resulting damage to Getty Images, are continuing. Getty Images is entitled therefore to injunctive relief pursuant to 17 U.S.C. § 502, and an order impounding all infringing materials pursuant to 17 U.S.C. § 503.

62.     Getty Images is also entitled to recover its attorney's fees and costs pursuant to 17 U.S.C. § 505.

## CLAIM II

### (Secondary Copyright Infringement, 17 U.S.C. § 501, *et seq.*)

### (Defendant Kowalczuk)

63.     Getty Images repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 62, inclusive.

64.     By distributing and selling photographic images owned by or exclusively licensed to Getty Images, including the images identified in Exhibits A through D, defendant Kowalczuk is liable under the Copyright Act for inducing infringing acts committed by his customers, including defendants John Does 1 to 25.

65.     Defendant Kowalczuk distributed and sold digital files that he obtained without authorization from Getty Images' Catalog with the object of promoting unauthorized and infringing uses of those images by his customers. Through his purposeful conduct, Kowalczuk knowingly and intentionally induced his customers to engage in unauthorized acts and practices, including reproducing, distributing, displaying and making other infringing uses of those images.

66.     By distributing and selling photographic images owned by or exclusively licensed to Getty Images, including the images identified in Exhibits A through D, defendant Kowalczuk is liable under the Copyright Act for materially contributing to, aiding, abetting and assisting the infringing acts of his customers, including defendants John Does 1 to 25.

67.     Defendant Kowalczuk is liable as a contributory infringer because he had knowledge of specific acts of infringement by his customers, and knowingly caused or otherwise materially contributed to infringements by those customers of the copyrights in images owned by or exclusively licensed to Getty Images, including the images identified in Exhibits A through D.

68.     By distributing and selling photographic images owned by or exclusively licensed to Getty Images, including the images identified in Exhibits A through D, defendant Kowalczuk is vicariously liable under the Copyright Act for the infringing acts of his customers, including defendants John Does 1 to 25.

69.     Defendant Kowalczuk is vicariously liable for the infringing acts of his customers because (a) Kowalczuk had the right and ability to control the infringing acts of his customers, and (b) Kowalczuk received a direct financial benefit from their infringing activities.

70.     Defendant Kowalczuk committed these acts and practices willfully and with full knowledge and conscious disregard of the copyrights in photographic images owned by or exclusively licensed to Getty Images, including the images identified in Exhibits A through D.

71.     At a minimum, Kowalczuk has acted with willful blindness to, or in reckless disregard of, the copyrights in photographic images owned by or exclusively licensed to Getty Images, including the images identified in Exhibits A through D.

72.     As a result of defendant Kowalczuk's wrongful conduct, Getty Images is entitled to recover its actual damages and an award of any profits attributable to Kowalczuk's

infringements of copyrights, pursuant to 17 U.S.C. § 504(b).  In the alternative, Getty Images is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c), for Kowalczuk's infringements of copyrights.

73.    Any award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2) due to defendant Kowalczuk's willful infringements of copyrights.

74.    Getty Images is entitled to injunctive relief and an order impounding all infringing materials.  Getty Images has no adequate remedy at law for Kowalczuk's wrongful conduct because, among other things, (a) the copyrights in the photographic images owned by or exclusively licensed to Getty Images are unique and valuable properties; (b) Kowalczuk's infringements interfere with Getty Images' goodwill and customer relations, and harm Getty Images such that Getty Images could not be made whole by any monetary award; and (c) Kowalczuk's wrongful conduct, including Kowalczuk's infringements of copyrights, and the resulting damage to Getty Images, are continuing.  Getty Images is entitled therefore to injunctive relief pursuant to 17 U.S.C. § 502, and an order impounding all infringing materials pursuant to 17 U.S.C. § 503.

75.    Getty Images is also entitled to recover its attorney's fees and costs pursuant to 17 U.S.C. § 505.

## CLAIM III

### (Accessing Protected Computers in Violation of 18 U.S.C. § 1030)

### (Defendant Kowalczuk)

76.    Getty Images repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 75, inclusive.

77.     Getty Images uses a system of protected computers to store and maintain Getty Images' Catalog, and that system of computers is used by Getty Images in a manner that affects interstate or foreign commerce or communication of the United States.  As such, the protected computers used by Getty Images constitute "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2)(B).

78.     Defendant Kowalczuk has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C), by intentionally accessing one or more of the computers used by Getty Images to store and maintain Getty Images' Catalog, without authorization or exceeding authorized access, and thereby obtaining information from those protected computers, including but not limited to the photographic imagery that Getty Images owns and licenses.

79.     Defendant Kowalczuk has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4), by knowingly and with intent to defraud, accessing one or more of the computers used by Getty Images to store and maintain Getty Images' Catalog, without authorization or exceeding authorized access, and by means of such conduct have furthered Kowalczuk's intended fraud against Getty Images.  The object of Kowalczuk's fraud was to obtain photographic imagery without authorization by or payment to Getty Images and the photographers it represents.  Upon information and belief, the photographic images obtained by Kowalczuk are worth more than $5,000 over any one-year period.

80.     Defendant Kowalczuk has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(B), by intentionally accessing one or more of the computers used by Getty Images to store and maintain Getty Images' Catalog, without authorization, and as a result of such conduct, recklessly has caused damage to Getty Images.

81.     Defendant Kowalczuk has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(C), by intentionally accessing one or more of the computers used by Getty Images to store and maintain Getty Images' Catalog, without authorization, and as a result of such conduct, has caused damage and loss to Getty Images.

82.     Defendant Kowalczuk has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(6)(C), by intentionally trafficking in passwords or similar information through which a computer used by Getty Images to store and maintain Getty Images' Catalog may be accessed without authorization, and as a result of such conduct, has caused damage and loss to Getty Images.

83.     Defendant Kowalczuk has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(b), by conspiring to commit the violations of 18 U.S.C. § 1030(a) listed above.

84.     Getty Images is a "person" within the meaning of 18 U.S.C. § 1030(e)(12), and is entitled to remedies at law and equity pursuant to 18 U.S.C. § 1030(g) because Kowalczuk's conduct has caused a loss to Getty Images during any one-year period aggregating more than $5,000 in value and because Kowalczuk's conduct has caused damage affecting 10 or more computers used by Getty Images to store and maintain Getty Images' Catalog during any one-year period.

85.     As a direct and proximate result of Kowalczuk's wrongful conduct, Getty Images has suffered and continues to suffer damages, including depriving Getty Images of lawful licensing revenues and other valuable consideration, converting to Kowalczuk's benefit revenues received by Kowalczuk that rightfully belong to Getty Images, converting to the benefit of Kowalczuk's customers photographic images that rightfully belong to Getty Images and the photographers it represents, compromising Getty Images' Catalog and the security features used

to protect that Catalog, interfering with Getty Images' contractual and prospective business relations, and causing Getty Images to incur substantial investigative expenses and other costs related to Kowalczuk's wrongful conduct and the wrongful conduct of his customers, including defendants John Does 1 to 25.

86.    Defendant Kowalczuk knew or should have known that accessing the system of computers used by Getty Images to store and maintain Getty Images' Catalog was and is illegal and prohibited.  Such violations have caused and will continue to cause Getty Images irreparable harm, and Getty Images does not have an adequate remedy at law to redress such continued violations.  Unless restrained by this Court, Kowalczuk will continue to violate 18 U.S.C. §§ 1030(a) and (b).

## CLAIM IV

### (Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(2))

### (Defendant Kowalczuk)

87.    Getty Images repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 86, inclusive.

88.    Getty Images uses a system of protected computers to store and maintain Getty Images' Catalog and employs additional technological measures that effectively control access to that Catalog and the digital content it contains.  Those technological measures include login validation procedures that are used by Getty Images to control and restrict access to its Catalog to persons authorized by Getty Images.

89.    The digital content that makes up Getty Images' Catalog consists of photographic imagery protected under the Copyright Act, including the images identified in Exhibits A through D.

90.     By accessing Getty Images' Catalog without authorization by Getty Images and, upon information and belief, using stolen or misappropriated login credentials, defendant Kowalczuk has circumvented technological measures used by Getty Images to control and restrict access to its Catalog, in violation of 17 U.S.C. § 1201(a)(1)(A).

91.     Defendant Kowalczuk's violations have injured and will continue to injure Getty Images by depriving Getty Images of lawful licensing revenues and other valuable consideration; converting to Kowalczuk's benefit revenues received by Kowalczuk that rightfully belong to Getty Images; converting to the benefit of Kowalczuk's customers photographic images that rightfully belong to Getty Images and the photographers it represents; compromising Getty Images' Catalog and the security features used to protect that Catalog; interfering with Getty Images' contractual and prospective business relations; and causing Getty Images to incur substantial investigative expenses and other costs related to Kowalczuk's wrongful conduct and the wrongful conduct of his customers, including defendants John Does 1 to 25.

92.     Getty Images is entitled to recover actual damages and any profits made by defendant Kowalczuk as a result of his wrongful conduct, pursuant to 17 U.S.C. § 1203(c)(2).  In the alternative, Getty Images is entitled to statutory damages, pursuant to 17 U.S.C. § 1203(c)(3), for Kowalczuk's violations of 17 U.S.C. § 1201(a)(1)(A).

93.     Getty Images is entitled to injunctive relief and an order impounding any device or product that was involved in defendant Kowalczuk's violation of 17 U.S.C. § 1201(a)(1)(A). Kowalczuk knew or should have known that his circumvention of technological measures used by Getty Images to control and restrict access to its Catalog was and is illegal and prohibited. Such violations have caused and will continue to cause Getty Images irreparable harm, and Getty Images has no adequate remedy at law to redress any such continued violations.  Unless

restrained by this Court, Kowalczuk will continue to violate 17 U.S.C. § 1201(a)(1)(A).  Getty Images is entitled therefore to injunctive relief pursuant to 17 U.S.C. § 1203(b)(1), and an order impounding all infringing materials pursuant to 17 U.S.C. § 1203(b)(2).

94.     Getty Images is also entitled to recover its attorney's fees and costs pursuant to 17 U.S.C. §§ 1203(b)(4) and (b)(5).

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Getty Images respectfully requests judgment as follows:

(1)     That the Court enter a judgment against Defendants finding that they have willfully infringed the copyrights in photographic images owned by or exclusively licensed to Getty Images, including the images identified in Exhibits A through D, in violation of the Copyright Act, 17 U.S.C. § 501;

(2)     That the Court enter a judgment against defendant Kowalczuk finding that he has induced infringing acts committed by others, has materially contributed to infringing acts committed by others, and/or is vicariously liable for the infringing acts committed by others, including defendants John Does 1 to 25;

(3)     That the Court enter a judgment against defendant Kowalczuk finding that he has violated the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030(a) and (b);

(4)     That the Court enter a judgment against defendant Kowalczuk finding that he has violated the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1)(A);

(5)     That the Court enter an order, pursuant to 17 U.S.C. § 502(a), enjoining and restraining Defendants, and any persons or entities acting directly or indirectly on their behalf, from engaging in the following conduct:

(a)      reproducing, distributing, displaying or making any other infringing uses of the photographic images identified in Exhibits A through D;

(b)      reproducing, distributing, displaying or making any other infringing uses of any other photographic images owned by or exclusively licensed to Getty Images; and

(c)      assisting, aiding or abetting any other person or entity in engaging or performing any of the activities referred to in subparagraphs (a) and (b) above;

(6)      That the Court enter an order, pursuant to 18 U.S.C. § 1030(g), enjoining and restraining defendant Kowalczuk, and any persons or entities acting directly or indirectly on their behalf, from engaging in the following conduct:

(a)      accessing or attempting to access Getty Images' protected computers;

(b)      downloading or attempting to download any imagery from Getty Images' Catalog, which Catalog is stored and maintained on Getty Images' protected computers;

(c)      using or attempting to use login credentials belonging to others for access to Getty Images' protected computers;

(e)      trafficking or attempting to traffic in login credentials, including user names, passwords and/or other login information, belonging to others and intended to facilitate access to or downloads from Getty Images' protected computers; and

(d)      assisting, aiding or abetting any other person or entity in engaging or performing any of the activities referred to in subparagraphs (a) and (d) above;

(7)      That the Court enter an order, pursuant to 17 U.S.C. § 1203(b)(1), enjoining and restraining defendant Kowalczuk, and any persons or entities controlled directly or indirectly by him, from circumventing or attempting to circumvent the technological measures used by Getty Images to control and restrict access to its Catalog;

(8)     That the Court enter an order, pursuant to 17 U.S.C. § 503, 18 U.S.C. § 1030(g), 17 U.S.C. § 1203(b)(2) and 28 U.S.C. § 1651(a), impounding all infringing photographic images, and any related items, including business records, that are in Defendants' possession, custody or control, and ordering the return, remedial destruction, or other appropriate disposition of all impounded items;

(9)     That the Court enter an order, pursuant to 17 U.S.C. § 504(b), 18 U.S.C. § 1030(g) and 17 U.S.C. § 1203(c)(2), declaring that defendant Kowalczuk holds in trust, as constructive trustees for the benefit of Getty Images, all profits received by him that are attributable to Defendants' infringements of copyrights, including those identified in Exhibits A through D, and requiring Kowalczuk to provide Getty Images a full and complete accounting of all profits received by him;

(10)    That the Court order Defendants, pursuant to 17 U.S.C. §§ 504(b) and (c)(1), to pay actual or statutory damages to Getty Images and, pursuant to 17 U.S.C. § 504(c)(2), enhanced damages for Defendants' willful infringements of copyrights;

(11)    That the Court order defendant Kowalczuk, pursuant to 18 U.S.C. § 1030(g), to pay compensatory damages to Getty Images in an amount to be proven at trial;

(12)    That the Court order defendant Kowalczuk, pursuant to 17 U.S.C. §§ 1203(c)(2) and (c)(3), to pay actual or statutory damages to Getty Images;

(13)    That the Court order Defendants, pursuant to 17 U.S.C. § 505, to pay full costs and reasonable attorney's fees;

(14)    That the Court order defendant Kowalczuk, pursuant to 18 U.S.C. § 1030(g) and 17 U.S.C. §§ 1203(b)(4) and (b)(5), to pay costs and reasonable attorney's fees;

(15)    That the Court order prejudgment interest on the amount of any award to Getty Images; and

(16)    That the Court grant to Getty Images such other and additional relief as is just and proper.


DATED:  June 8, 2016.


Robert E. Chudakoff (0038594)
Paul R. Harris (0079538)
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
Tel: (216) 583-7000
Fax: (216) 583-7001
Email:   rchudakoff@ulmer.com
            pharris@ulmer.com

Scott T. Wilsdon (*pro hac vice* pending)
Elizabeth S. Weinstein (*pro hac vice* pending)
YARMUTH WILSDON PLLC
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
Tel: (206) 516-3800
Fax: (206) 516-3888
Email:   wilsdon@yarmuth.com
            eweinstein@yarmuth.com

*Attorneys for Plaintiff Getty Images (US), Inc.*